# Exhibit 2

**"Citizenship of Russia" From Wikipedia**

**Citizenship of Russia**
From Wikipedia

**Citizenship of Russia** is regulated by the federal act regarding citizenship of the Russian Federation (of 2002, with the amendments of 2003, 2004, 2006), Constitution of the Russian Federation (of 1993), and the international treaties that cover citizenship questions to which the Russian Federation is a party. In accordance with the supremacy clause of the Constitution, international treaties of the Russian Federation have precedence over Russian domestic law.[1]

## CONTENTS

- 1 Terminology
- 2 History
    - 2.1 Post-Soviet Union
    - 2.2 Citizenship act of 1991
    - 2.3 Compatriots act of 1999
- 3 Citizenship act of 2002
- 4 Visa requirements
- 5 Constitutional Court cases
    - 5.1 Case of Smirnov (1996)
        - 5.1.1 Criticism of the Decision
    - 5.2 Case of Daminova (2005)
    - 5.3 Case of Fatullaeva (2007)
- 6 International treaties on citizenship
    - 6.1 Eurasian Economic Community treaties
    - 6.2 Dual nationality and citizenship treaties
    - 6.3 European Convention on Nationality
- 7 References
- 8 External links

## TERMINOLOGY

In the Russian language, there is a distinction[citation needed] between citizens of Russia, referred to as *Rossiyane* (plural, Russian: россияне; masc. singular россиянин *Rossiyanin* and fem. singular россиянка *Rossiyanka*), and ethnic Russians, referred to as *Russkie* (русские). The word *Rossiyane* is used much more often than *Russkie* in media and official documents. Those who have received Russian citizenship via naturalisation are also called Rossiyane, regardless of

1

ethnicity and mother tongue (for example, Gérard Depardieu or Viktor Ahn). The word *Rossiyane* was coined by Mikhail Lomonosov in the 18th century[citation needed].

## HISTORY

The Tsardom of Russia became a multinational state in the 16th century. The word *Rossiyane*, coined by Lomonosov, has been widely used since then. After the fall of the Russian Empire, the expression "Soviet people" was used for the population of the Soviet Union, regardless of ethnicity. After the dissolution of the USSR, the word *Rossiyane* became widely used again.

## POST-SOVIET UNION

Until 1990, the Russian Soviet Federated Socialist Republic (RSFSR) was a subject of the Soviet federation. In 1990, state sovereignty of the RSFSR was declared, though the USSR was not abolished until the end of 1991. Article 11 of the declaration of state sovereignty introduced RSFSR citizenship. The text of the citizenship act was ready in the summer of 1991, but was not adopted by the Supreme Council (the legislative body of the RSFSR) until November 28, 1991. On January 23, 1992 some changes with respect to the dissolution of the USSR were applied to the text; the result was signed by the President and finally came into force after publication on February 6, 1992.

## CITIZENSHIP ACT OF 1991

In accordance with Article 13, former Soviet citizens among permanent residents on February 6, 1992 of the RSFSR were recognized as RSFSR citizens. Those who expressed their will not to become RSFSR citizens until February 6, 1993 were not recognized as RSFSR citizens. Supreme Council decree N 5206/1-1 recognized the following as Russian citizens:

- those who left the RSFSR before February 6, 1992 for study, work, treatment, or personal reasons and returned after February 6, 1992
- military personnel of RSFSR abroad

Former Soviet citizens who were born on December 30, 1922 or later on Russian territory or to a Soviet citizen who was a permanent resident of the RSFSR at the birth of his or her were recognized as if they had been RSFSR citizens by birth (see Case of Smirnov).

Russian citizenship could be acquired:

- by birth
- by registration
- by naturalization ·
- by restoration of citizenship
- by opt
- by following parents' citizenship

## COMPATRIOTS ACT OF 1999

In 1999, in spite of the veto of the President, the Federal Assembly adopted the Act on the state policy on compatriots abroad.[2] Article 11 stated that all former Soviet citizens and their descendants should be recognized as Russian citizens unless they had declared their intentions to be citizens of foreign states. However, this article was revoked in 2002 and persons under this article are not generally recognized by executive or court authorities of Russia as citizens of the Russian Federation unless they received documents of Russian citizenship before the article's revocation. No official comments have been given as to how this article should be interpreted. Oleg Kutafin, the chairman of the Presidential Committee on citizenship, criticized this Act in his book *Russian Citizenship* ( ISBN 5-7975-0624-6), but the legal consequences of this Act were not analyzed there.

## CITIZENSHIP ACT OF 2002

In 2002, a new citizenship act, supported by President Vladimir Putin, replaced the act of 1991.

Russian citizenship could be acquired:

- by birth
- by naturalization
- by restoration of citizenship
- by following parents' citizenship

The rules of citizenship by birth generally follow the principle of jus sanguinis, though a child can be recognized as a Russian citizen in several special cases:

- neither parent, both of whom are permanent residents of Russia, is a Russian citizen, but the child is born in Russia and does not acquire any other citizenship

3

- the child is found abandoned on Russian territory and the parents remain unknown for more than six months

Naturalization is usually granted if the applicant meets the following requirements:

- has been a resident of Russia for not less than five years
- promises lawful behaviour
- has a legal source of income
- speaks Russian

In certain cases, some or even all of the above requirements can be waived by an Executive Order of the Russian President,[5] as happened on 3 January 2013, when Russian President Vladimir Putin signed an Executive Order granting Russian citizenship to French-born actor Gérard Depardieu, citing authority granted under Article 89(a) of the Constitution of the Russian Federation.[5][6]

Restoration of citizenship is granted under the same rules as naturalization; the only exception is the residence term requirement (three years in this case). Although not in compliance with law, executive agencies (such as the federal migration service and Russian diplomatic and consular departments abroad) usually do not grant Russian citizenship to former Russian citizens if they do not satisfy citizenship restoration requirements, even if they satisfy requirements for facilitated naturalization[citation needed].

A special provision of law made it possible for former citizens of the USSR to apply for Russian citizenship before 2009. The only requirements were holding a temporary residence permit or a permanent residence permit, or being registered as a permanent resident of Russia as of July 1, 2002 and meeting the naturalization requirements of p. 2 and p. 4.

**Citizenship of children (persons under 18 years of age) generally follows the citizenship of their parents. If one or both parents obtain Russian citizenship, their children become Russian citizens as well. If one or both parents lose Russian citizenship, their children lose it too. A child can acquire or relinquish Russian citizenship by the application of his parents, but at least one parent must be a Russian citizen in this case.**



Countries and territories with visa-free or visa-on-arrival entries for holders of regular Russian passports

▌Russia                      ▌Visa on arrival                ▌Visa available both on
                                                              arrival or online
▌Visa free with             ▌Electronic authorization or online
Internal passport            payment required                ▌Visa required prior to
                                                              arrival
▌Visa not required

## VISA REQUIREMENTS

*Main article: Visa requirements for Russian citizens*

Visa requirements for Russian citizens are administrative entry restrictions by the authorities of other countries placed on citizens of Russia. In 2016, Russian citizens had visa-free or visa-on-arrival access to 105 countries and territories, ranking the Russian passport 48th in the world according to the Visa Restrictions Index.

## CONSTITUTIONAL COURT CASES

### CASE OF SMIRNOV

**SMIRNOV WAS BORN ON RSFSR TERRITORY IN 1950. IN 1979, HE MARRIED AND MOVED HIS PERMANENT RESIDENCE TO THE LITHUANIAN SSR. HE DIVORCED IN 1992 AND RETURNED TO THE RSFSR ON DECEMBER 8, 1992. HE THEN APPLIED FOR A NOTICE OF RUSSIAN CITIZENSHIP IN HIS PASSPORT, BUT THIS WAS REJECTED BY EXECUTIVE OFFICERS. HIS CLAIM WAS ALSO REJECTED BY COMMON**

# JURISDICTION COURTS, INCLUDING THE SUPREME COURT OF THE RUSSIAN FEDERATION.

The position of the executive officers and the courts was that Smirnov, in accordance with Article 13 of the Citizenship Act, was a former citizen of the Russian Federation, but not a citizen of the Russian Federation since February 6, 1992. He did have the option to apply for Russian citizenship through registration.

**However, the Constitutional Court ruled that Article 18 of the Citizenship Act was not in conformance with the Constitution, as the registration procedure of Article 18 could be applied to Russian citizens by birth; that is, those persons who:**

- **were born in the territory of the RSFSR**
- **were citizens of the USSR**
- **did not renounce Russian citizenship**
- **relocated to another Soviet republic**
- **were not citizens of another Soviet republic**
- **eventually returned to Russia**

**There is an opinion that this ruling determines that every former citizen of the USSR who was born in the territory of the RSFSR and never renounced Russian citizenship is a Russian citizen by birth, even if he also has foreign citizenship. This opinion is based on the Court's interpretation of Article 6 of the Constitution given in the text of the decision: "such persons... cannot lose Russian citizenship unless they explicitly expressed their will to give it up".** A notable advocate of this position is Anatoly Mostovoy, who published the book *Get Your Citizenship Back!* (ISBN 5-93165-077-6).

## CRITICISM OF THE DECISION

1) incorrect interpretation of Article 13 of the Citizenship Act of 1991

> The interpretation of Article 13 of the Act given by the Constitutional Court does not conform to Article 12 of the Act, which states that citizenship before this Act came in force is determined by previous legislation. It is also not clear what legal consequences might be implied by declaring millions of people as Russian citizens for tens of years before the Act came in force, and even before the sovereignty of the RSFSR was declared.

6

A different interpretation of Article 13 could be that "citizenship by birth in the past" defines a term which is used by Article 18, p. "e" and art. 19, p. 3, pp. "e" (since amended in 1993).

2) incorrect interpretation of constitutional articles

Nothing in the Act states that "citizenship by birth in the past" confers Russian citizenship on the moment that the Act came into force. The Constitutional Court stated that "due to Article 6 of the Constitution of the Russian Federation, they remain Russian citizens until they relinquish it of their own will" (p. 3 of the reasoning). However, the Constitution came into force in December 1993, and it evidently has no retroactive effect. Deprivation of citizenship in the USSR was legal and happened from time to time. No provisions of law restricted constructions like "a citizen only on his/her moment of birth".

3) there were no constitutional issues in this case

Following the logic of Constitutional Court, Articles 13 and 18 of the Act conflict. The Constitutional Court should have stated why it applied Article 13 in this case. In general, considering conflicting legal norms, a court should choose one of them (using principles of lex posterior or lex specialis, or a conflict norm). If one of these is chosen, it is not necessary to decide if the other is constitutional or not. The Constitutional Court has no jurisdiction to declare a norm of law unconstitutional just because it does not conform to another norm of law.

## CASE OF DAMINOVA (2005)

This section **needs expansion**. You can help by adding to it. *(May 2017)*

## CASE OF FATULLAEVA (2007)

Until 2001-2002, former Soviet citizens could register their permanent residence on the territory of Russia in the same way as Russian citizens.

The federal act regarding Russian citizenship (2002) was amended several times to allow former Soviet citizens who had had their permanent residence registered on July 1, 2002 to apply for Russian citizenship.

7

Fatullaeva had been living in Russia up to this date but had never registered permanent residence.

She challenged the requirement of permanent residence registration at the Constitutional Court. The Court rejected her claim for the following reasons:

- such a requirement does not violate her constitutional rights and freedoms
- the state is not obliged to grant citizenship, except as provided by its laws, and Fatullaeva still would be able to obtain Russian citizenship after every requirement of law is satisfied

The Act on the Legal Status of Foreigners in the USSR (1981) was in force until 2002. According to this act, permanent residents of the USSR were persons who received permanent residence permits. Other foreigners were those with temporary residences in the USSR. However, former Soviet citizens did not apply for residence permits; they registered their permanent residence in the same manner as Russian citizens, in accordance with the Decree of Government N 290 of March 12, 1997. Therefore, registration of permanent residence was equivalent to obtaining residence permits in Russia.

## INTERNATIONAL TREATIES ON CITIZENSHIP

## EURASIAN ECONOMIC COMMUNITY TREATIES

The Russian Federation has a treaty with Kazakhstan and a treaty with Kyrgyzstan. There is also a multilateral treaty among the Russian Federation, Kazakhstan, Kyrgyzstan and the Republic of Belarus.

Citizens of the respective states that come to Russia for permanent residence have the right to obtain Russian citizenship if they:

- were citizens of the RSFSR, or
- were born in the territory of the RSFSR, or
- were living in the territory of the RSFSR before December 21, 1991, or
- have relatives who are citizens or permanent residents of the Russian Federation

Until the end of 2003, those treaties were ignored by Russian executive authorities.[10] Presidential Decree N 1545] provided some means for implementation of the treaties. However, the decree requires that the applicant provide evidence that the state of his citizenship allows him to reside in Russia

8

(such as a special stamp in a passport or an exit document). This does not conform to the treaties and makes obtaining citizenship significantly more difficult or even impossible in some cases. The Supreme Court of the Russian Federation stated in its decision[12] that one must prove, in accordance with the treaties, that he came to Russia for permanent and not temporary residence. This can be proved in accordance with Russian law. In accordance with the *Act on the Status of Foreign Citizens in the Russian Federation*, obtaining temporary or permanent residence permission in Russia does not require any permission from foreign states, so technically every person who lawfully resides in Russia is able to apply for a temporary residence permit and then for a permanent residence permit. Although the interpretation of the Federal Act given by the Supreme Court is incompatible with the Presidential Decree, the article was not declared void.

## DUAL NATIONALITY AND CITIZENSHIP TREATIES[EDIT]

**Restricted dual nationality is permitted in Russia with treaty countries. However, Russian authorities will only recognise Russian nationality under the law, exceptions provided to those who hold nationality of one of those countries in which a treaty is in force which deals with the issue.**

The following international treaties contain rules related to dual citizenship:

- Treaty between the Russian Federation and the Republic of Tajikistan (1995)
- Treaty between the Russian Federation and the Republic of Turkmenistan (1993), the current status of which is in dispute

The Treaty of Friendship, Cooperation, and Mutual Security between the Russian Federation and the Republic of Armenia, signed December 29, 1991, grants the right to acquire citizenship of both Russia and Armenia to the citizens of Russia and Armenia.

As the Russian Federation is the successor state to the Soviet Union, some Soviet treaties on dual citizenship are still in force. For this reason, the Convention on the Nationality of Married Women is in force.

## EUROPEAN CONVENTION ON NATIONALITY[EDIT]

The European Convention on Nationality has been signed but not ratified by the Russian Federation. It is binding to the extent of the provisions of the Vienna

9

Convention on the Law of Treaties. Domestic citizenship legislation is usually considered to conform to the convention.